**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF**
**ALABAMA EASTERN DIVISION**

**CANDY ROWLAND,**

     **Plaintiff,**                         **Case No.: 3:07cv724**

**vs.**                                **Plaintiff Demands a Trial By Jury**

**SMITH & SONS FOODS,**
**INCORPORATED, a foreign**
**corporation conducting business**
**in the State of Alabama,**

**Defendant.**

**AMENDED COMPLAINT**

**I. PRELIMINARY STATEMENT**

1.  This action seeks declaratory, injunctive and equitable relief, compensatory damages, costs, and attorney's fees suffered by Plaintiff Candy Rowland (hereinafter referred to as "Plaintiff') and her discharge by Defendant Smith & Sons Foods, Incorporated (hereinafter referred to as "Defendant").

**II. JURISDICTION**

2.  This case arises under 29 U.S.C.S. § 2612, et. seq.

3.  Jurisdiction is invoked pursuant to 29 U.S.C.S. § 2617(a)(2) , 28 U.S.C.S. § 1331, and § 1367.

4.  Declaratory, injunctive, compensatory damages, and liquidated damages are sought pursuant to 29 U.S.C.S. § 2617(a)(1).

5.  Costs and attorney's fees may be awarded pursuant to 29 U.S.C.S. § 2617(a)(3).

6.  Jurisdiction is also based on the pendent jurisdiction of this Court to entertain claims

arising under state law.

## II. **VENUE**

7. This action properly lies in the Middle District of Alabama, Eastern Division,

   pursuant to 28 U.S.C.S. § 1391(b), because the claim arose in this judicial district, and

   pursuant to 29 U.S.C.S. § 2617(a)(2), because the unlawful employment practice was

   committed in this judicial district.

## III. **PARTIES**

8. Plaintiff is a citizen of the United States and Randolph County, Alabama and is an

   African American female.

9. Defendant Corporation is an employer who engages in an industry affecting interstate

   commerce and employs more than fifty (50) employees with a seventy-five (75) mile

   radius of Randolph County, Alabama with its principal place of business in Macon,

   Georgia.

## IV. FACTS

10. Plaintiff was employed by Defendant from March 1, 2005 until April 1, 2007 as a

    Certified Dietary Manager.

11. On or about the 20th day of February, 2007 Plaintiff was employed by Defendant.

12. During the course and scope of her employment, Plaintiff suffered severe chest pain.

13. Plaintiff was excused from work and went to the hospital to seek emergency medical

    treatment.

14. Subsequently thereafter, Plaintiff was diagnosed with anemia.

15. Plaintiffs doctors initially requested that she cease work from February 20, 2007 until April 3, 2007.

16. Plaintiff informed Defendant that she would need to take medical leave and that she would submit the necessary Family Medical Leave forms.

17. Defendant advised her that it was not necessary that she submit said forms and that in order to secure her medical leave she needed to submit medical verification from her doctors.

18. Plaintiff submitted said medical verification as requested by Defendant.

19. One of Plaintiffs doctors mailed Family Medical Leave forms to the Defendant.

20. Plaintiff took Family Medical Leave pursuant to 29 U.S.C.S § 2612(a)(1)(D) because of her severe medical condition.

21. On or about the 29th day of March, 2007, four (4) days before said requested medical leave was to expire on April 3, 2007, Plaintiff notified Defendant that her recovery period would need to be extended.

22. On or about the 3rd day of April, 2007, without allowing Plaintiff a reasonable time to submit doctor's recertification, Defendant wrote Plaintiff a letter stating that she was terminated from her position because she did not provide doctor's verification that she would need additional time off of work.

23. Defendant never requested that Plaintiff submit doctor's recertification.

### V. COUNT ONE
### INTERFERENCE WITH FAMILY MEDICAL LEAVE RIGHTS

24. Plaintiff realleges and incorporates by reference paragraphs one (1) through twenty-three (23) of this complaint as if fully set out herein.

25. Plaintiff was entitled to 12 workweeks of medical leave because of a serious health condition, more particularly described as anemia, that made her unable to perform the functions of her position.

26. On or about the 23rd day of February, 2007, Plaintiff began Family Medical Leave for said serious health condition.

27. Plaintiffs doctors initially excused her for approximately six (6) weeks.

28. On or about the 29th day of March, 2007, prior to the expiration of said six (6) week period, Plaintiff informed the Defendant that her medical leave needed to be extended until April 24, 2007 pursuant to her doctor's request.

29. On or about the 3rd day of April, 2007, Defendant intentionally interfered with Plaintiffs rights under FMLA in that it did not allow Plaintiff a reasonable time to submit doctor's recertification to extend her medical leave.

30. Plaintiff was entitled to six (6) additional weeks of medical leave.

31. Defendant, in its unlawful practice, denied Plaintiff the additional time that was necessary for her medical recovery without requesting doctor's recertification.

32. As a proximate result of Defendant's interference with Plaintiffs rights. Plaintiff was caused to suffer damages.

WHEREFORE, Plaintiff demands judgment against the Defendant.

## V. COUNT TWO
## RETALIATION

33. Plaintiff realleges and incorporates by reference paragraphs one (1) through thirty-three (33) of this complaint as if fully set out herein.

34. On or about the 20th day of February, 2007, Plaintiff availed herself to protection under the Family Medical Leave Act due to her serious health condition.

35. On or about the 3rd day of April, 2007, as a proximate result of exercising Family Medical Leave rights, Plaintiff was wrongfully terminated in retaliation of exercising said rights.

36. As a proximate result of Defendant's interference with Plaintiffs rights, Plaintiff was caused to suffer damages.

WHEREFORE, Plaintiff demands judgment against the Defendant.

## VI. COUNT THREE
## NEGLIGENT SUPERVISION/ TRAINING

37. Plaintiff realleges and incorporates by reference paragraphs one (1) through thirty-seven (37) of this complaint as if fully set out herein.

38. At all times giving rise to this complaint, Grant L. Bennett was employed by Defendant as Division Vice President.

39. At all time relevant hereto, Grant L. Bennett was acting within the line and scope of his employment.

40. Defendant failed to exercise reasonable care by failing to properly train Grant L. Bennett

on the Family Medical Leave Act.

41. Defendant was on actual or constructive notice that it had not properly trained its employees on the Family Medical Leave Act.

42. As a proximate result of Defendant's failure to train, Plaintiff was caused to suffer damages in the amount deemed proper by the jury.

WHEREFORE, Plaintiff demands judgment against the Defendant in the amount of $100,000.00.

## VII. PRAYER FOR RELIEF

43.  **WHEREFORE,** Plaintiff prays this honorable Court:

a. declare conduct engaged in by the Defendant to he in violation of the Plaintiff's rights;

b. enjoin Defendant from engaging in such conduct;

c. restore Plaintiff to her rightful position at Smith & Sons, Incorporated;

d. award Plaintiff compensatory damages pursuant to the Family Medical Leave Act in the amount of $7,500 plus interest;

e. award Plaintiff liquidated damages pursuant to the Family Medical Leave Act in the amount of $7,500 plus interest;

f. award Plaintiff damages for Negligent Supervision in the amount of $100,000.00

g. award Plaintiff costs and attorney's fees; and

h. grant such relief as it may deem just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted,

*/s/Laura M. Irby*
Laura M. Irby (ASB-2209A611)
Attorney for the Plaintiff

**Of Counsel:**

Law Office of Dwayne L. Brown, P.C.
Post Office Box 230205
Montgomery, AL 36123-0205
Telephone: (334) 277-3757
Facsimile: (334) 277-3613
E-Mail: lirby@dbrownatty.com