IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CANDY ROWLAND, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07-CV-724-MHT |
| ) | |
| SMITH & SONS FOODS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER

Defendant Smith & Sons Foods, Inc. ("S&S" or "Defendant"), appearing specially and without waiving any of its defenses, submits its answer and asserts affirmative defenses to Plaintiff's Amended Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because this Court lacks subject-matter jurisdiction over them.

### THIRD DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and/or unclean hands.

## FOURTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate her claims of damages, the existence of such damages being hereby denied.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent any person affiliated with Defendant engaged in conduct contrary to the law (an allegation that Defendant expressly denies), such conduct was outside the scope of that person's authority, was in direct contravention of Defendant's express policies, and occurred without Defendant's consent or ratification.

## SIXTH DEFENSE

Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with all applicable laws.

## SEVENTH DEFENSE

Although Defendant denies that Plaintiff is entitled to punitive damages, Defendant affirmatively pleads that an award of punitive damages would violate the Alabama and United States Constitutions.

## EIGHTH DEFENSE

Plaintiff is not entitled to recover front pay, liquidated damages or punitive damages under the Family and Medical Leave Act ("FMLA") and, even if she were so entitled, Plaintiff has still failed to plead facts in support of such an award.

### NINTH DEFENSE

Plaintiff fails to establish a prima facie case of interference or retaliation under the FMLA.

### TENTH DEFENSE

Plaintiff's retaliation claim is barred because there was no causal connection between any alleged protected activity and any alleged adverse employment action.

### ELEVENTH DEFENSE

Defendant's challenged actions were taken for reasons wholly unrelated to Plaintiff's exercise or attempted exercise of any FMLA rights, including any request by Plaintiff to take leave under the FMLA.

### TWELFTH DEFENSE

Defendant at all times acted in good faith as to Plaintiff's employment, and even if a Court were to find that a violation of the FMLA had occurred, Defendant had reasonable grounds for believing the relevant act or omission was not a violation of the FMLA.

### RESPONSE TO ENUMERATED PARAGRAPHS IN PLAINTIFF'S AMENDED COMPLAINT

1.

Defendant admits that Plaintiff seeks declaratory and equitable relief and damages in this action. Defendant denies that is has violated any law and denies that Plaintiff is entitled to any of the relief she seeks in this action. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 1.

2.

Defendant admits that Plaintiff purports to assert claims under the FMLA, but denies that it violated any provision of the FMLA. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 2.

3.

Defendant admits that Plaintiff purports to invoke federal-question subject-matter jurisdiction under the FMLA. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 3.

4.

Defendant admits that Plaintiff seeks declaratory and equitable relief and damages in this action. Defendant denies that is has violated any law and denies that Plaintiff is entitled to any of the relief she seeks in this action. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 4.

5.

Defendant admits that the FMLA provides for an award of reasonable attorney fees and costs in certain circumstances, but denies that Plaintiff is entitled to any such award in this action.

6.

Defendant admits that Plaintiff purports to invoke supplement jurisdiction in this action. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 6.

7.

Defendant admits that venue is proper in the Middle District of Alabama, but denies that Defendant engaged in unlawful conduct within the district or anywhere else.

4

8

Defendant admits that Plaintiff is an African-American female. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 8, and such allegations therefore stand denied.

9.

Defendant admits that its principal place of business is Macon, Georgia. Defendant denies the remaining allegations in Paragraph 9.

10.

Defendant admits that Plaintiff was employed by Defendant as a Food Service Director from approximately March 1, 2005 until approximately April 1, 2007. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 10.

11.

Defendant admits that Plaintiff was employed by Defendant on February 20, 2007. Except as expressly admitted herein, Defendant denies the allegations as stated in Paragraph 11.

12.

Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 12, and such allegations therefore stand denied.

13.

Defendant admits that on February 20, 2007, Plaintiff was excused from work and went to the hospital. Except as expressly admitted herein, Defendant denies the allegations as stated in Paragraph 13.

14.

Defendant admits that Plaintiff was diagnosed with anemia after February 20, 2007. Except as expressly admitted herein, Defendant denies the allegations as stated in Paragraph 14.

15.

Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 15, and such allegations therefore stand denied.

16.

Defendant admits that Plaintiff informed Defendant after February 20, 2007 that Plaintiff wanted to take sick leave from work. Except as expressly admitted herein, Defendant denies the allegations as stated in Paragraph 16.

17.

Defendant admits that it requested from Plaintiff that she provide Defendant with medical documentation regarding her absence from work. Except as expressly admitted herein, Defendant denies the allegations as stated in Paragraph 17.

18.

Defendant denies the allegations as stated in Paragraph 18.

19.

Defendant admits that it received on April 9, 2007 a "Certification of Health Care Provider" form for Plaintiff from a physician. Except as expressly admitted herein, Defendant denies the allegations as stated in Paragraph 19.

20.

Defendant admits that Plaintiff took leave from work. Except as expressly admitted herein, Defendant denies the allegations as stated in Paragraph 20.

21.

Defendant admits that on March 29, 2007, Plaintiff orally informed Defendant that Plaintiff's recovery period would be extended. Except as expressly admitted herein, Defendant denies the allegations as stated in Paragraph 21.

22.

Defendant denies the allegations as stated in Paragraph 22.

23.

Defendant denies the allegations as stated in Paragraph 23.

24.

Defendant incorporates by reference its responses to Paragraphs 1-23 of the Amended Complaint as if fully set forth herein.

25.

Defendant denies the allegations in Paragraph 25.

26.

Defendant admits that Plaintiff took leave from work. Except as expressly admitted herein, Defendant denies the allegations as stated in Paragraph 26.

27.

Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 27, and such allegations therefore stand denied.

28.

Defendant admits that on March 29, 2007, Plaintiff orally informed Defendant that Plaintiff's recovery period would be extended. Except as expressly admitted herein, Defendant denies the allegations as stated in Paragraph 28.

29.

Defendant denies the allegations in Paragraph 29.

30.

Defendant denies the allegations in Paragraph 30.

31.

Defendant denies the allegations in Paragraph 31.

32.

Defendant denies the allegations in Paragraph 32.

33.

Defendant incorporates by reference its responses to Paragraphs 1-32 of the Amended Complaint as if fully set forth herein.

34.

Defendant denies the allegations in Paragraph 34.

35.

Defendant denies the allegations in Paragraph 35.

36.

Defendant denies the allegations in Paragraph 36.

37.

Defendant incorporates by reference its responses to Paragraphs 1-36 of the Amended Complaint as if fully set forth herein.

38.

Defendant admits that Grant L. Bennett is employed by Defendant as a Division Vice-President. Except as expressly admitted herein, Defendant denies the allegations as stated in Paragraph 38.

39.

Defendant denies the allegations as stated in Paragraph 39.

40.

Defendant denies the allegations in Paragraph 40.

41.

Defendant denies the allegations in Paragraph 41.

42.

Defendant denies the allegations in Paragraph 42.

43.

Defendant denies the allegations in Paragraph 43. Defendant further denies that Plaintiff is entitled to any relief, including but not limited to the relief requested in sub-paragraphs (a)-(h) of Paragraph 43 of the Amended Complaint.

Defendant further states that, unless specifically admitted herein, Defendant denies each and every allegation contained in Plaintiff's Amended Complaint and further denies that Plaintiff is entitled to any relief whatsoever, including the relief specifically demanded in her Amended Complaint.

Respectfully submitted this 27th day of September 2007.

                                            s/ Jeremy D. Tucker
                                            Jeremy D. Tucker (TUC037)
                                            ALSTON & BIRD LLP
                                            1201 West Peachtree Street
                                            Atlanta, Georgia 30309-3424
                                            Tel: 404-881-7000
                                            Fax: 404-881-7777
                                            jeremy.tucker@alston.com

                                            William J. Baxley (BAX001)
                                            Donald R. James, Jr. (JAM016)
                                            BAXLEY, DILLARD, DAUPHIN
                                            McKNIGHT, & BARCLIFT
                                            2008 3rd Avenue South
                                            Birmingham, Alabama 35233
                                            Tel. No.: (205) 939-0995
                                            Fax No.:  (205) 271-1108


                                            Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CANDY ROWLAND, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07-CV-724-MHT |
| ) | |
| SMITH & SONS FOODS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2007, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

Dwayne L. Brown
Law Office of Dwayne L. Brown, P.C.
P.O. Box 230205
Montgomery, AL 36123-0205
dbrown@dbrownatty.com

Counsel for Plaintiff

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

s/ Jeremy D. Tucker
Jeremy D. Tucker

LEGAL02/30536673v1