IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CANDY ROWLAND, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07-CV-724-MHT |
| | ) | |
| SMITH & SONS FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendant Smith & Sons Foods, Inc.

("S&S") files this Motion for Summary Judgment on all of Plaintiff's claims asserted against it

in this action.  S&S is entitled to summary judgment because it is undisputed that Plaintiff was

not an "eligible employee" under the Family and Medical Leave Act and, thus, her claims

asserted in this action fail as a matter of law.  In support of its motion, S&S contemporaneously

submits the following: Defendant's Memorandum of Law in Support of its Motion for Summary

Judgment, Defendant's Index of Evidence in Support of its Motion for Summary Judgment, the

Declaration of Grant Bennett, and the Declaration of Angelia Freeman.

Respectfully submitted this 1st day of November 2007.

s/ Jeremy D. Tucker
Forrest W. Hunter (admitted *pro hac vice*)
Georgia Bar No. 378850
Jeremy D. Tucker (TUC037)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: 404-881-7000
Fax: 404-881-7777
jeremy.tucker@alston.com

William J. Baxley (BAX001)
Donald R. James, Jr. (JAM016)
BAXLEY, DILLARD, DAUPHIN
McKNIGHT, & BARCLIFT
2008 3rd Avenue South
Birmingham, Alabama 35233
Tel. No.: (205) 939-0995
Fax No.:  (205) 271-1108

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CANDY ROWLAND,                              )
                                           )
      Plaintiff                    )
                                           )
v.                                         )        CIVIL ACTION NO. 3:07-CV-724-MHT
                                           )
SMITH & SONS FOODS, INC.,                  )
                                           )
      Defendant.                   )
_____)

CERTIFICATE OF SERVICE

     I hereby certify that on November 1, 2007, I electronically filed the foregoing

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using

the CM/ECF system, which will automatically send e-mail notification of such filing to the

following attorney of record:

     Dwayne L. Brown
     Law Office of Dwayne L. Brown, P.C.
     P.O. Box 230205
     Montgomery, AL 36123-0205
     dbrown@dbrownatty.com

     Counsel for Plaintiff

     I further certify that I have mailed by United States Postal Service the document to the

following non-CM/ECF participants: none.

                           s/ Jeremy D. Tucker
                           Jeremy D. Tucker

LEGAL02/30570173v1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CANDY ROWLAND, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07-CV-724-MHT |
| | ) | |
| SMITH & SONS FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Smith & Sons Foods, Inc. ("S&S")

submits this Memorandum of Law in support of its Motion for Summary Judgment. As

explained below, there is no genuine factual issue as to whether Plaintiff is an "eligible

employee" under the Family and Medical Leave Act ("FMLA") – she is not – and, therefore, her

claims asserted in this action fail as a matter of law. Summary judgment, therefore, should be

entered in S&S's favor.

## I.  BACKGROUND

Plaintiff brings this action under the FMLA and Alabama state law. (Pl.'s Am. Compl. ¶¶

2-6.) More specifically, Plaintiff asserts the following three claims against S&S: (1) interference

with Plaintiff's FMLA rights; (2) retaliation for Plaintiff's exercise of her FMLA rights; and (3)

negligent training on the FMLA. (Id. ¶¶ 24-42.)[1]

S&S operates cafeterias and provides food service management to hospitals, retirement

---

[1] Although the third count in Plaintiff's Amended Complaint is titled "Negligent Supervision/Training," Plaintiff
alleges only negligent training in that count. (See id. ¶¶ 37-42.)

homes, educational facilities, and other businesses. (Bennett Decl. ¶3.)  S&S employees work in Roanoke and Phenix City, Alabama, as well as cities in Georgia, South Carolina, and Tennessee. (Id. ¶¶ 3-4 & Ex. A.)

S&S employed Plaintiff from March 1, 2005 through April 1, 2007. (Freeman Decl. ¶ 3.) Throughout her employment with S&S, Plaintiff's worksite was a retirement home in Roanoke, Alabama. (Id.; Bennett Decl. ¶ 5.)  The only other S&S worksites within 75 surface miles of the Roanoke facility where Plaintiff worked are S&S's worksites in Phenix City, Alabama and Columbus, Georgia. (Bennett Decl. ¶ 6.)  At no time during Plaintiff's employment with S&S did S&S employ 50 or more employees, in total, at its Roanoke, Phenix City, and Columbus worksites. (Id. ¶ 7; Freeman Decl. ¶ 6.)  As of February 20, 2007, S&S had 41 employees at its worksites in these three cities. (Freeman Decl. ¶ 4 & Ex. A.)  As of March 29, 2007, S&S had 39 employees at its worksites in these three cities. (Id. ¶ 5 & Ex. B.)

Plaintiff alleges that she took leave from work on or about February 23, 2007 pursuant to physicians' requests that she not work from February 20, 2007 through April 3, 2007 and that she informed S&S of her need for leave when her leave began and again on March 29, 2007. (Pl.'s Am. Compl. ¶¶ 11, 15-16, 20-21, 26-27.)  Plaintiff alleges that she was entitled to take leave through at least April 24, 2007 under the FMLA, but that S&S interfered with her FMLA rights by denying her leave beyond April 3, 2007. (Id. ¶¶ 22, 25, 28-31.)  Plaintiff further contends that S&S terminated her employment on April 3, 2007 in retaliation for her exercising her FMLA rights and failed to properly train its Division Vice-President, Grant L. Bennett, on the FMLA. (Id. ¶¶ 33-42.)[2]

---

[2] In its Answer filed in this action, S&S denied Plaintiff's allegations of interference and retaliation under the FMLA and denied that it negligently trained Bennett.

LEGAL02/30570211v1

## II.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted where the evidence shows that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The Supreme Court has observed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citation omitted).  The party moving for summary judgment bears the initial burden of "pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.  Specifically, the moving party should identify those portions of the pleadings, depositions, affidavits and written discovery responses that demonstrate the absence of a genuine issue of material fact.  Id. at 323.  Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.  Rule 56 requires the non-movant to "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324.  Moreover, "[t]he nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law; 'there must be a substantial conflict in evidence to support a jury question.'"  Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998).

## III.  ARGUMENT AND CITATION OF AUTHORITY

Only an "eligible employee" is entitled to take leave under the FMLA.  29 U.S.C. § 2612 (a)(1).  The FMLA defines an "eligible employee" as an employee who has been employed for a

certain duration of time and who has worked a minimum number of hours with the employer.  Id. § 2611(2)(A).  More importantly to this case, the FMLA excludes from the definition of "eligible employee"

> any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

Id. § 2611(2)(B)(ii).  In other words, "[a]n employee is eligible to take advantage of the protections of the FMLA only if her employer employs at least 50 employees at the worksite where the employee works, or unless the employer also employs at least 50 employees within 75 miles of the employee's worksite."  Taylor v. Texaco, Inc., No. 4:04-CV-212-JEC, 2007 WL 965561, at *6 (N.D. Ga. 2007) (citing 29 U.S.C. § 2611(2)(B)(ii)); see also Morrison v. Magic Carpet Aviation, 383 F.3d 1253, 1254 (11th Cir. 2004) (observing that in order for the FMLA "to apply, the employer(s) at issue must have at least 50 employees within a 75 mile radius of the [plaintiff's] worksite" (citing 29 U.S.C. § 2611(2)(B)(ii))).

Under the FMLA regulations promulgated by the Department of Labor, the determination of whether an employer employs 50 or more employees within 75 miles of an employee's worksite is determined "when the employee gives notice of the need for leave."  29 C.F.R. § 825.110(f).  Moreover, the distance between worksites "is measured by surface miles, using surface transportation," id. § 825.111(b), and "[t]he determination of how many employees are employed within 75 miles of the worksite of an employee is based on the number of employees maintained on the payroll."  Id. § 825.111(c).

A.    Plaintiff's FMLA Claims Fail as a Matter of Law Because She is not an Eligible Employee under the FMLA

The material facts for purposes of this Motion are that S&S did not employ 50 or more employees within 75 surface miles of Plaintiff's worksite at any time during Plaintiff's

employment with S&S.  Thus, Plaintiff was not an "eligible employee" under the FMLA, and her FMLA claims fail as a matter of law.

Plaintiff's worksite throughout her two-year employment with S&S was Roanoke, Alabama. (Bennett Decl. ¶ 5; Freeman Decl. ¶ 3.)  The only S&S worksites located within 75 surface miles of the Roanoke worksite where Plaintiff worked are in Phenix City, Alabama and Columbus, Georgia. (Bennett Decl. ¶ 6 & Ex. A.)  As of February 20, 2007, the date on which Plaintiff contends she first notified S&S that she needed to take leave from work, (Pl.'s Am. Compl. ¶¶ 11-16), S&S maintained on its payroll only 41 total employees at its worksites in Roanoke, Phenix City, and Columbus. (Freeman Decl. ¶ 4.)  As of March 29, 2007, the other date on which Plaintiff contends she notified S&S that she needed to take leave from work, (Pl.'s Am. Compl. ¶ 21), S&S maintained on its payroll only 39 total employees at its worksites in Roanoke, Phenix City, and Columbus. (Freeman Decl. ¶ 5.)  In fact, S&S has not maintained 50 or more employees on its payroll at these three worksites at any time since January 1, 2005, a time period encompassing the entire duration of Plaintiff's employment with S&S. (Id. ¶¶ 3, 6; Bennett Decl. ¶¶ 5, 7.)

These undisputed facts demonstrate that Plaintiff was never an "eligible employee" under the FMLA during the time she worked at S&S and, consequently, had no FMLA rights with which S&S could have interfered or denied to her.  S&S is therefore entitled to summary judgment on Count One of Plaintiff's Amended Complaint.  See Strickland v. Water Works and Sewer Bd. of Birmingham, 239 F.3d 1199, 1206-07 (11th Cir. 2001) (holding that to state an FMLA interference claim an employee must demonstrate "that he was entitled to the benefit denied").  Similarly, S&S could not have retaliated against Plaintiff for exercising FMLA rights that she never possessed, and S&S is therefore entitled to summary judgment on Count Two of

Plaintiff's Amended Complaint.  See Hackworth v. Progressive Cas. Ins. Co., 468 F.3d 722, 724, 730-31 (10th Cir. 2006) (affirming summary judgment for employer on the plaintiff's FMLA interference and retaliation claims because the plaintiff was not an eligible employee given that the employer employed only 47 employees within 75 miles of the plaintiff's worksite); Walker v. Elmore County Bd. of Educ., 379 F.3d 1249, 1253 (11th Cir. 2004) (finding that an ineligible employee cannot assert a retaliation claim under the FMLA because "the statute does not protect an attempt to exercise a right that is not provided by FMLA").  Indeed, federal courts in the Eleventh Circuit have recently recognized that where a plaintiff is not an eligible employee, employers are entitled to summary judgment on the plaintiff's FMLA claims "on this ground alone."  Hegre v. Alberto-Culver USA, Inc., 485 F. Supp. 2d 1367, 1376 (S.D. Ga. 2007) ("Because Plaintiff was not an eligible employee, her FMLA claims fail as a matter of law, irrespective of her characterization of her claims as alleging 'interference' or 'retaliation.'" (citations omitted)); Taylor, 2007 WL 965561, at *8 ("[T]his deficiency, alone, is sufficient to warrant the granting of summary judgment on plaintiff's FMLA claim.")  The Court should likewise enter summary judgment for S&S on Plaintiff's FMLA claims because the undisputed evidence demonstrates that Plaintiff was never an "eligible employee" during her employment with S&S.

B.      Plaintiff's Negligent Training Claim Fails as a Matter of Law Because Plaintiff Had No FMLA Rights that Could Have Been Harmed by Any Alleged Failure to Train Bennett on the FMLA

Plaintiff's negligent training claim, brought under Alabama law, is based solely on S&S's alleged failure to train one of its managers on the FMLA. (Pl.'s Am. Compl. ¶¶ 37-42.)  It is clear from Plaintiff's Amended Complaint that S&S's alleged failure to provide FMLA training

to this manager contributed to the alleged FMLA violations constituting Plaintiff's primary causes of action in this suit.

Because Plaintiff was never an "eligible employee" and, therefore, had no rights under the FMLA and was not entitled to take leave under the FMLA, (see supra Part III.A), she could not have suffered any harm by S&S's alleged failure to train a manager on the FMLA. Indeed, S&S has no duty to train its managers on a statute that does not apply to employees like Plaintiff. Without such a duty, and without any FMLA rights in which Plaintiff could have suffered harm in the case of a breach of such duty, Plaintiff's claim for negligent training on the FMLA fails as a matter of law.[3] Thus, the Court should enter summary judgment for S&S on Plaintiff's negligent training claim.

### IV.  CONCLUSION

For the foregoing reasons, S&S respectfully requests that the Court enter summary judgment in its favor on all of Plaintiff's claims asserted in this action.

Respectfully submitted this 1st day of November 2007.

s/ Jeremy D. Tucker
Forrest W. Hunter (admitted *pro hac vice*)
Georgia Bar No. 378850
Jeremy D. Tucker (TUC037)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: 404-881-7000
Fax: 404-881-7777
jeremy.tucker@alston.com

---

[3] Alternatively, should the Court grant S&S's Motion and dismiss Plaintiff's FMLA claims – the only federal-law claims in this action – the Court may decline to exercise supplemental jurisdiction over the remaining state-law claim. See 28 U.S.C. § 1367(c).

William J. Baxley (BAX001)
Donald R. James, Jr. (JAM016)
BAXLEY, DILLARD, DAUPHIN
McKNIGHT, & BARCLIFT
2008 3rd Avenue South
Birmingham, Alabama 35233
Tel. No.: (205) 939-0995
Fax No.:  (205) 271-1108

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CANDY ROWLAND,                    )
                                  )
    Plaintiff               )
                                  )
v.                                )        CIVIL ACTION NO. 3:07-CV-724-MHT
                                  )
SMITH & SONS FOODS, INC.,         )
                                  )
    Defendant.              )
_____)

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2007, I electronically filed the foregoing

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR**

**SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will

automatically send e-mail notification of such filing to the following attorney of record:

> Dwayne L. Brown
> Law Office of Dwayne L. Brown, P.C.
> P.O. Box 230205
> Montgomery, AL 36123-0205
> dbrown@dbrownatty.com
>
> Counsel for Plaintiff

I further certify that I have mailed by United States Postal Service the document to the

following non-CM/ECF participants: none.

> s/ Jeremy D. Tucker
> Jeremy D. Tucker

LEGAL02/30570211v1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CANDY ROWLAND, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07-CV-724-MHT |
| | ) | |
| SMITH & SONS FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S INDEX OF EVIDENCE IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT**

In support of its contemporaneously filed Motion for Summary Judgment, Defendant

submits the following evidence:

1. Declaration of Grant L. Bennett;

2. Declaration of Angelia Freeman.

Respectfully submitted this 1st day of November 2007.

> s/ Jeremy D. Tucker
> Forrest W. Hunter (admitted *pro hac vice*)
> Georgia Bar No. 378850
> Jeremy D. Tucker (TUC037)
> ALSTON & BIRD LLP
> 1201 West Peachtree Street
> Atlanta, Georgia 30309-3424
> Tel: 404-881-7000
> Fax: 404-881-7777
> jeremy.tucker@alston.com

William J. Baxley (BAX001)
Donald R. James, Jr. (JAM016)
BAXLEY, DILLARD, DAUPHIN
McKNIGHT, & BARCLIFT
2008 3rd Avenue South
Birmingham, Alabama 35233
Tel. No.: (205) 939-0995
Fax No.:  (205) 271-1108

Attorneys for Defendant

LEGAL02/30570188v1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| CANDY ROWLAND, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07-CV-724-MHT |
| | ) | |
| SMITH & SONS FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2007, I electronically filed the foregoing

**DEFENDANT'S INDEX OF EVIDENCE IN SUPPORT OF ITS MOTION FOR**

**SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will

automatically send e-mail notification of such filing to the following attorney of record:

> Dwayne L. Brown
> Law Office of Dwayne L. Brown, P.C.
> P.O. Box 230205
> Montgomery, AL 36123-0205
> dbrown@dbrownatty.com
>
> Counsel for Plaintiff

I further certify that I have mailed by United States Postal Service the document to the

following non-CM/ECF participants: none.

> s/ Jeremy D. Tucker
> Jeremy D. Tucker

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CANDY ROWLAND, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07-CV-724-MHT |
| | ) | |
| SMITH & SONS FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DECLARATION OF GRANT L. BENNETT

I, Grant L. Bennett, pursuant to 28 U.S.C. § 1746, hereby affirm that I am over 18 years of age and am competent to make the following Declaration.

1.

I am personally familiar with the matters and things contained herein, and I authorize the use of this Declaration in connection with the above-captioned lawsuit.

2.

I am currently employed by Smith & Sons Foods, Inc. ("S&S") as a Division Vice-President. I have been employed by S&S since March 1985 and have served as a Division Vice-President since August 2005. I am familiar with all S&S operations.

3.

S&S operates cafeterias and provides food service management to hospitals, nursing homes, educational facilities, and other businesses. S&S also operates a warehouse for distribution of food service products to customers. S&S's corporate headquarters and its distribution warehouse are located in Macon, Georgia.

4.

Attached as Exhibit A to this Declaration is a true and accurate listing of all locations where S&S employees currently work. As shown on Exhibit A, S&S employees work at S&S's corporate headquarters, at S&S's distribution warehouse, at S&S cafeterias, and at customer facilities where S&S provides food service management. I am familiar with and have personally visited all of these worksites.

5.

Candy Rowland worked at S&S, under my indirect supervision, from March 2005 until approximately April 2007. Throughout her employment, Ms. Rowland worked as part of S&S's food service management team at the Traylor Retirement Community, which is located at 1235 Yancey Street, Roanoke, Alabama 36274. Ms. Rowland did not work at any other worksite during her employment with S&S.

6.

The only worksites within 75 surface miles of the Traylor Retirement Community in which S&S employees have worked at any time since January 1, 2005 are the following: Summit Hospital in Phenix City, Alabama; Aflac Worldwide Headquarters in Columbus, Georgia; and Muscogee Manor, a Cobis Personal Care Home, in Columbus, Georgia.

7.

S&S has not had 50 or more employees at the Roanoke, Alabama; Columbus, Georgia; and Phenix City, Alabama worksites (combined) at any time since January 1, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __28__ day of September, 2007.

Grant L. Bennett

## EXHIBIT A

### S&S Corporate Headquarters

Macon, Georgia

### Customer Locations – Food Service Management

Columbus, Georgia
Phenix City, Alabama
Roanoke, Alabama
Alma, Georgia
Moultrie, Georgia
Fitzgerald, Georgia
Valdosta, Georgia
Cheraw, South Carolina
Allendale, South Carolina
Clinton, South Carolina
Florence, South Carolina
Lexington, South Carolina
Easley, South Carolina
Summerville, South Carolina

### S&S Cafeteria Locations

Macon, Georgia
Augusta, Georgia
Atlanta, Georgia
Knoxville, Tennessee
Columbia, South Carolina
North Augusta, South Carolina
Charleston, South Carolina
Greenville, South Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CANDY ROWLAND, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07-CV-724-MHT |
| | ) | |
| SMITH & SONS FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DECLARATION OF ANGELIA FREEMAN

I, Angelia Freeman, pursuant to 28 U.S.C. § 1746, hereby affirm that I am over 18 years of age and am competent to make the following Declaration.

1.

I am personally familiar with the matters and things contained herein, and I authorize the use of this Declaration in connection with the above-captioned lawsuit.

2.

I am currently employed by Smith & Sons Foods, Inc. ("S&S") as its Payroll Supervisor. I have been employed by S&S since 1964. I have served as Payroll Supervisor since 1997 and have worked in the Payroll Department throughout my employment with S&S. As Payroll Supervisor, I supervise all of S&S's payroll operations, including the processing of payroll for all S&S employees. I am also the custodian of S&S's payroll records.

3.

S&S maintained Candy Rowland on its payroll from March 1, 2005 through April 1, 2007. Throughout her employment with S&S, Ms. Rowland worked only at the Traylor Retirement Community, an S&S worksite located in Roanoke, Alabama.

4.

As of February 20, 2007, S&S maintained on its payroll a total of 41 employees for the following worksites: Traylor Retirement Community in Roanoke, Alabama; Summit Hospital in Phenix City, Alabama; Aflac Worldwide Headquarters in Columbus, Georgia; and Muscogee Manor, a Cobis Personal Care Home, in Columbus, Georgia.  Attached as Exhibit A to this Declaration is a listing, by location, of these 41 employees, as prepared from S&S's payroll records.

5.

As of March 29, 2007, S&S maintained on its payroll a total of 39 employees for the following worksites: Traylor Retirement Community in Roanoke, Alabama; Summit Hospital in Phenix City, Alabama; Aflac Worldwide Headquarters in Columbus, Georgia; and Muscogee Manor, a Cobis Personal Care Home, in Columbus, Georgia.  Attached as Exhibit B to this Declaration is a listing, by location, of these 39 employees, as prepared from S&S's payroll records.

6.

Since January 1, 2005, S&S has never maintained on its payroll 50 or more employees for the Roanoke, Alabama; Columbus, Georgia; and Phenix City, Alabama worksites (combined).

I declare under penalty of perjury that the foregoing is true and correct.


Executed on this ___ day of October, 2007.


_Angela Freeman_
Angela Freeman

# EXHIBIT A

| Last Name | First Name | Location | City & State | Job Title |
|---|---|---|---|---|
| SMITH & SONS FOODS INC. | | | | |
| EMPLOYEES  WORKING WEEK OF FEBRUARY 23, 2007 | | | | |
| | | | | |
| Last Name | First Name | Location | City & State | Job Title |
| | | | | |
| BRONSON | DEBBIE | Aflac-Corp Ridge | Columbus, GA | Cook |
| GOSSETT | TAMMY | Aflac-Corp Ridge | Columbus, GA | Cashier |
| GRIMES | MARY | Aflac-Corp Ridge | Columbus, GA | Cook |
| HARRIS | WILLIE | Aflac-Corp Ridge | Columbus, GA | Sanitation |
| HILL | LISA | Aflac-Corp Ridge | Columbus, GA | Cook |
| LEWIS | TIFFANY | Aflac-Corp Ridge | Columbus, GA | Cook |
| MILLER | MARY | Aflac-Corp Ridge | Columbus, GA | Cashier |
| RAZZAK | KARYA | Aflac-Corp Ridge | Columbus, GA | Line Server |
| SANFORD | LISA | Aflac-Corp Ridge | Columbus, GA | Cook |
| SUBER | VIRGIL | Aflac-Corp Ridge | Columbus, GA | Cook |
| THOMAS | ANTIONETTE | Aflac-Corp Ridge | Columbus, GA | Cook |
| THOMAS | DEBRA | Aflac-Corp Ridge | Columbus, GA | Cook |
| TINSLEY | ADRIENE | Aflac-Corp Ridge | Columbus, GA | Cook |
| BROOKS | ISABELA | Aflac-Garden Ct | Columbus, GA | Line Server |
| COSPER | MARTY | Aflac-Garden Ct | Columbus, GA | Cook |
| DAVIS | TROY | Aflac-Garden Ct | Columbus, GA | Sanitation |
| FLOWERS | TANSHIA | Aflac-Garden Ct | Columbus, GA | Vending |
| GILLIS | WILLIAM | Aflac-Garden Ct | Columbus, GA | Cook |
| JOHNSON | RICHARD | Aflac-Garden Ct | Columbus, GA | Cook |
| JONES | MABEL | Aflac-Garden Ct | Columbus, GA | Cashier |
| KELLY | JOY | Aflac-Garden Ct | Columbus, GA | Office |
| MCCOY | SUSAN | Aflac-Garden Ct | Columbus, GA | Cook |
| MCKISSIC | MEATRA | Aflac-Garden Ct | Columbus, GA | Cashier |
| MILLER | JANICE | Aflac-Garden Ct | Columbus, GA | Cook |
| SANDERLIN | REBECCA | Aflac-Garden Ct | Columbus, GA | Cook |
| CHAPMAN | SHEILA | Muscogee Manor | Columbus, GA | Food Service Director |
| LESESNE | THADDEUS | Summit Hospital | Phenix City, AL | Food Service Director |
| ROWLAND | CANDY | Traylor Nursing Home | Roanoke, AL | Food Service Director |
| ARRINGTON | DONNA | Traylor Nursing Home | Roanoke, AL | Cook |
| ASKEW | RUBY | Traylor Nursing Home | Roanoke, AL | Line Server |
| BIRDSONG | KRISSY | Traylor Nursing Home | Roanoke, AL | Line Server |
| BROOKS | AMANDA | Traylor Nursing Home | Roanoke, AL | Line Server |
| COLLINS | MARY | Traylor Nursing Home | Roanoke, AL | Line Server |
| DEL VALLE | ADAM | Traylor Nursing Home | Roanoke, AL | Cashier |
| DUGGER | VIRGINIA | Traylor Nursing Home | Roanoke, AL | Cook |
| HALL | TARA | Traylor Nursing Home | Roanoke, AL | Line Server |
| JONES | MARY | Traylor Nursing Home | Roanoke, AL | Line Server |
| KELLEY | SHIRLEY | Traylor Nursing Home | Roanoke, AL | Cook |
| PHILLIPS | SHARON | Traylor Nursing Home | Roanoke, AL | Cook |
| SHEARS | ORLANDO | Traylor Nursing Home | Roanoke, AL | Sanitation |
| TOBIN | PAMELA | Traylor Nursing Home | Roanoke, AL | Line Server |

# EXHIBIT B

| Last Name | First Name | Location | City & State | Job Title |
|---|---|---|---|---|
| SMITH & SONS FOODS, INC | | | | |
| EMPLOYEES WORKING WEEK OF MARCH 30, 2007 | | | | |
| | | | | |
| Last Name | First Name | Location | City & State | Job Title |
| | | | | |
| BRONSON | DEBBIE | Aflac-Corp Ridge | Columbus, GA | Cook |
| FLOWERS | TANSHIA | Aflac-Corp Ridge | Columbus, GA | Vending |
| GOSSETT | TAMMY | Aflac-Corp Ridge | Columbus, GA | Cashier |
| GRIMES | MARY | Aflac-Corp Ridge | Columbus, GA | Cook |
| HARRIS | WILLIE | Aflac-Corp Ridge | Columbus, GA | Sanitation |
| HILL | LISA | Aflac-Corp Ridge | Columbus, GA | Cook |
| LEWIS | TIFFANY | Aflac-Corp Ridge | Columbus, GA | Cook |
| MILLER | MARY | Aflac-Corp Ridge | Columbus, GA | Cashier |
| RAZZAK | KARYA | Aflac-Corp Ridge | Columbus, GA | Line Server |
| SANFORD | LISA | Aflac-Corp Ridge | Columbus, GA | Cook |
| SUBER | VIRGIL | Aflac-Corp Ridge | Columbus, GA | Cook |
| THOMAS | DEBRA | Aflac-Corp Ridge | Columbus, GA | Cook |
| TINSLEY | ADRIENE | Aflac-Corp Ridge | Columbus, GA | Cook |
| BROOKS | ISABELA | Aflac-Garden Ct | Columbus, GA | Line Server |
| DAVIS | TROY | Aflac-Garden Ct | Columbus, GA | Sanitation |
| GILLIS | WILLIAM | Aflac-Garden Ct | Columbus, GA | Cook |
| JOHNSON | RICHARD | Aflac-Garden Ct | Columbus, GA | Cook |
| JONES | MABEL | Aflac-Garden Ct | Columbus, GA | Cashier |
| KELLY | JOY | Aflac-Garden Ct | Columbus, GA | Office |
| MCCOY | SUSAN | Aflac-Garden Ct | Columbus, GA | Cook |
| MCKISSIC | MEATRA | Aflac-Garden Ct | Columbus, GA | Cashier |
| MILLER | JANICE | Aflac-Garden Ct | Columbus, GA | Cook |
| SANDERLIN | REBECCA | Aflac-Garden Ct | Columbus, GA | Cook |
| WARRIOR | BRIONNA | Aflac-Garden Ct | Columbus, GA | Cook |
| CHAPMAN | SHEILA | Muscogee Manor | Columbus, GA | Food Service Director |
| LESESNE | THADDEUS | Summit Hospital | Phenix City, AL | Food Service Director |
| ROWLAND | CANDY | Traylor Nursing Home | Roanoke, AL | Food Service Director |
| ASKEW | RUBY | Traylor Nursing Home | Roanoke, AL | Line Server |
| COLLINS | MARY | Traylor Nursing Home | Roanoke, AL | Line Server |
| DEL VALLE | ADAM | Traylor Nursing Home | Roanoke, AL | Cashier |
| DUGGER | VIRGINIA | Traylor Nursing Home | Roanoke, AL | Cook |
| HALL | TARA | Traylor Nursing Home | Roanoke, AL | Line Server |
| JEFFERSON | TODD | Traylor Nursing Home | Roanoke, AL | Cook |
| JONES | MARY | Traylor Nursing Home | Roanoke, AL | Line Server |
| KELLEY | SHIRLEY | Traylor Nursing Home | Roanoke, AL | Cook |
| MCDANIEL | STEPHEN | Traylor Nursing Home | Roanoke, AL | Line Server |
| PHILLIPS | SHARON | Traylor Nursing Home | Roanoke, AL | Cook |
| SHEARS | ORLANDO | Traylor Nursing Home | Roanoke, AL | Sanitation |
| TOBIN | PAMELA | Traylor Nursing Home | Roanoke, AL | Line Server |