UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
ALABAMA NORTHERN DIVISION

**CANDY ROWLAND,**

    **Plaintiff,**                                             Case No.: 3:07cv724

vs.

**SMITH** & **SONS,**
**INCORPORATED,** a foreign
corporation conducting business
in the State of Alabama,

Defendant.

### PLAINTIFF'S MOTION TO CONTINUE CONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    **COMES NOW** the Plaintiff, Candy Rowland, by and through her undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56(0, and files her motion to continue consideration of Defendant's motion for summary judgment, and in support thereof states:

1. That on September 10, 2007, Plaintiff filed the above-styled action.

2. That on October 16, 2007, the parties, pursuant to Rule 26(f), conducted their mandatory planning meeting.

3. That on October 23, 2007, this Honorable Court entered its scheduling order.

4. That on November 1, 2007, Plaintiff submitted her initial disclosures to Defendant.

5. That Defendant did not submit their initial disclosures to Plaintiff.

6. That on November 1, 2007, Defendant filed a motion for summary judgment.

7. That in support of its motion for summary judgment, Defendant submitted the declarations of Grant L. Bennett and Angelia Freeman representing that Defendant has never maintained fifty (50) or more employees within a seventy-five (75) miles

radius of Plaintiff's employment site.

8. That based on the above-mentioned representations and other factors, Defendant argues, in its brief, that Plaintiff is not a qualified employee as defined by 29 U.S.C. § 2612(a)(1).

9. That Plaintiff has not had the opportunity to conduct discovery on the critical issue of whether Plaintiff is a qualified employee pursuant to 29 U.S.C. § 2612(a)(1).

10. That Plaintiff intends to subpoena information from third parties to determine the number of employees Defendant employed within a seventy-five (75) miles radius of Plaintiff's employment site at the relevant time in question.

11. That upon Plaintiff conducting essential discovery, Plaintiff will be in an adequate position to respond to Defendant's motion for summary judgment.

12. That in support of this motion, Plaintiff has attached an affidavit pursuant to Rule 56(f) F.R. Civ. Proc.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully moves this Honorable Court to continue the consideration of Defendant's motion for summary judgment until all meaningful discovery is completed to afford Plaintiff an opportunity to respond to the same.

    Respectfully Submitted,

     s/Dwayne L. Brown
    Dwayne Brown
    Attorney for Plaintiff

Of Counsel:

Law Office of Dwayne L. Brown, P.C.
Post Office Box 230205
Montgomery, AL 36123-0205
Telephone: (334) 277-3757
Facsimile: (334) 277-3613
E-Mail: dbrownadbrownatty.com

Certificate of Service

     I hereby certify that on November 19, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Jeremy Tucker, Esq.**

                                                      /s/ Dwayne L. Brown

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
ALABAMA NORTHERN DIVISION

**CANDY ROWLAND,**

    **Plaintiff,**　　　　　　　　　　　　　　　　Case No.: 3:07cv724-MHT

**vs.**

**SMITH & SONS,
INCORPORATED,**

**Defendant.**

### AFFIDAVIT OF DWAYNE L. BROWN

**STATE OF ALABAMA**　　　　　　　　　　)

**COUNTY OF MONTGOMERY**

    BEFORE ME, the undersigned authority for the State at Large, personally appeared Dwayne L. Brown, who by me being first duly sworn, did and does depose and say the following:

1.

My name is Dwayne L. Brown and I am above the age of nineteen (19) years. I am otherwise competent to give this Declaration.

2.

Plaintiff has not had a meaningful opportunity to conduct discovery in the above-styled case.

3.

Plaintiff needs to conduct meaningful discovery in said case in an effort to support the allegations she has alleged in her complaint.

4.

Plaintiff disputes Defendant's position that Plaintiff is a disqualified employee as defined by 29 U.S.C. § 2612(a)(1).

5.

Plaintiff at the present time, is unable by affidavit(s) or other credible evidence to present genuine issues of material facts in opposition to Defendant's motion for summary judgment.

6.

Upon conducting meaningful discovery, Plaintiff intends on responding accordingly to Defendant's motion for summary judgment.

I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT,

_____
Dwayne L. Brown

Sworn to and Subscribed before me on this ○[1] day of November, 2007.

_____
NO RY PUBLIC
My Commission Exp.: to 1 nit,