IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CANDY ROWLAND, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>SMITH & SONS FOODS, INC., )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION NO. 3:07-CV-724-MHT |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO CONTINUE CONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Smith & Sons Foods, Inc. ("S&S") respectfully opposes Plaintiff's Second Motion to Continue Consideration of Defendant's Motion for Summary Judgment (the "Second Motion") because Plaintiff has had ample time to conduct discovery on the threshold FMLA eligibility issue presented by Defendant's renewed motion for summary judgment and because any evidence Plaintiff obtains pursuant to the two subpoenas it recently served on third parties will be irrelevant to the FMLA eligibility issue. Thus, the Court should deny the Second Motion and consider S&S's renewed motion for summary judgment after Plaintiff's deadline for responding to that motion has passed.

The issue presented in S&S's renewed motion for summary judgment is whether Plaintiff is an "eligible employee" under the Family and Medical Leave Act (the "FMLA"), which is the threshold hurdle Plaintiff must clear to succeed on the claims she has asserted in this action. (See Def.'s Mem. of Law in Support of its Mot. for Summ. J.; Pl.'s Second Mot., ¶ 6.) The undisputed evidence of record demonstrates that Plaintiff is not an eligible employee under the FMLA because S&S did not have fifty or more employees within seventy-five miles of the place

- 2 -

where Plaintiff worked when she allegedly sought leave from her employment with S&S. (See id.; Decl. of Grant Bennett; Decl. of Angela Freeman.) Indeed, S&S never had fifty or more employees within seventy-five miles of Plaintiff's worksite in Roanoke at any time during Plaintiff's short employment with S&S. (Id.) Thus, Plaintiff was never an "eligible employee" and, consequently, had none of the rights under the FMLA that she claims were violated.

On November 27, 2007, the Court denied S&S's motion for summary judgment in response to Plaintiff's initial motion to continue consideration of the dispositive motion and allowed S&S to renew its motion no earlier than February 1, 2008, thus providing Plaintiff over two additional months of discovery on the issue of whether Plaintiff was an eligible employee.[1] Plaintiff served S&S with six interrogatories in December, to which S&S served verified responses on January 7, 2008. Plaintiff has served S&S with no other discovery requests.

In her Second Motion, Plaintiff contends that she needs additional time to receive responses to subpoenas she served on two state agencies on January 23, 2008, two months after the Court's Order that provided Plaintiff additional time to conduct discovery on the eligible employee issue and just one week before the date on which S&S could renew its motion for summary judgment. Plaintiff could have served these subpoenas much earlier and provides no explanation why she did not do so. S&S should not be penalized for her delay.

Moreover, the two subpoenas that Plaintiff served – on the state labor agencies for Alabama and Georgia – do not seek information relevant to the issue of whether Plaintiff was an eligible employee under the FMLA. The subpoenas seek information regarding the number of people employed by companies who are not parties to this suit and who never employed

---

[1] The full discovery period in this case, as set by the Court's October 23, 2007 scheduling Order, closes on March 31, 2008.

Plaintiff.[2] Namely, the subpoenas seek records of the employees of Summit Hospital, Traylor Nursing Home, Inc., and AFLAC. (See Exs. 1-2.) The number of people employed by these entities is irrelevant to the issue of whether S&S – the named Defendant who employed Plaintiff and that Plaintiff contends violated her FMLA rights – employed fifty or more employees within seventy-five miles of Plaintiff's worksite at the relevant time. See 29 U.S.C. § 2611(2)(B)(ii) (excluding from the definition of "eligible employee . . . any employee of an employer who is employed at a worksite <u>at which such employer employs</u> less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50" (emphasis added)); <u>Morrison v. Magic Carpet Aviation</u>, 383 F.3d 1253, 1254 (11th Cir. 2004) (observing that in order for the FMLA "to apply, the <u>employer(s) at issue</u> must have at least 50 employees within a 75 mile radius of the [plaintiff's] worksite" (citing 29 U.S.C. § 2611(2)(B)(ii)) (emphasis added)). Thus, any information Plaintiff receives in response to her subpoenas will not be probative of the issue presented by S&S's renewed motion for summary judgment – whether Plaintiff was an eligible employee.[3]

For the foregoing reasons, S&S respectfully requests that the Court deny Plaintiff's Second Motion to Continue Consideration of Defendant's Motion for Summary Judgment and proceed to consideration of S&S's renewed motion for summary judgment.

---

[2] Copies of these subpoenas, which were provided to S&S's counsel, are attached as exhibits to this brief.

[3] The relevant evidence – the number of people S&S employed within seventy-five miles of Plaintiff's worksite as demonstrated by S&S's payroll records – is already in the record. (See Decl. of Angela Freeman, ¶¶ 4-6 & Exs. A-B (listing every employee of S&S who worked at the Traylor Retirement Community, Summit Hospital, and AFLAC according to S&S's payroll records).) Plaintiff has had this evidence since November 1, 2007, when S&S filed its motion for summary judgment.

- 4 -

Respectfully submitted this 12th day of February 2008.

                                                        s/ Jeremy D. Tucker
Forrest W. Hunter (admitted *pro hac vice*)
Georgia Bar No. 378850
Jeremy D. Tucker (TUC037)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: 404-881-7000
Fax: 404-881-7777
jeremy.tucker@alston.com

William J. Baxley (BAX001)
Donald R. James, Jr. (JAM016)
BAXLEY, DILLARD, DAUPHIN
McKNIGHT, & BARCLIFT
2008 3rd Avenue South
Birmingham, Alabama 35233
Tel. No.: (205) 939-0995
Fax No.: (205) 271-1108

Attorneys for Defendant

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CANDY ROWLAND, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07-CV-724-MHT |
| ) | |
| SMITH & SONS FOODS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2008, I electronically filed the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO CONTINUE CONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

Dwayne L. Brown
Law Office of Dwayne L. Brown, P.C.
P.O. Box 230205
Montgomery, AL 36123-0205
dbrown@dbrownatty.com

Counsel for Plaintiff

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

s/ Jeremy D. Tucker
Jeremy D. Tucker

- 5 -

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
ALABAMA EASTERN DIVISION

| | |
|---|---|
| CANDY ROWLAND,<br><br>　　Plaintiff,<br><br>vs.<br><br>SMITH & SONS FOODS,<br>INCORPORATED, a foreign<br>corporation conducting business<br>in the State of Alabama,<br><br>　　Defendant. | SUBPOENA IN A CIVIL CASE<br>Case No.: 3:07cv724 |

TO:　Alabama Department of Industrial Relations
　　　649 Monroe Street
　　　Montgomery, AL 36131
　　　Attn: Tom Surtees

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above-captioned case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITON | DATE AND TIME |
|---|---|

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents whatsoever that reflect the number of employees that were employed in the food service department with **SUMMIT HOSPITAL**, 4401 River Chase Drive, Phenix City, AL 36867 and **TRAYLOR NURSING HOME, INC.**, 1235 Yancey Road, Roanoke, AL 36724 from **February 1, 2006** through **April 30, 2007**. As a part of your response, please include the names and addresses of those employees.

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other person who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT   DATE

*[signature]*　　　Attorney for Plaintiff　　　1-23-08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dwayne L. Brown, Esq.
Post Office Box 230205
Montgomery, AL 36123-0205

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
ALABAMA EASTERN DIVISION

| | |
|---|---|
| CANDY ROWLAND, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SMITH & SONS FOODS, )<br>INCORPORATED, a foreign )<br>corporation conducting business )<br>in the State of Alabama, )<br>)<br>Defendant. ) | SUBPOENA IN A CIVIL CASE<br>Case No.: 3:07cv724 |

TO:   Michael Thurmond, Commissioner
      Georgia Department of Labor
      148 International Boulevard, Suite 600
      Atlanta, GA 30303

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above-captioned case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITON | DATE AND TIME |
|---|---|

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents whatsoever that reflect the number of employees that were employed in the food service department with *AFLAC – Corporate Ridge*, One Aflac Parkway, Columbus, GA 31906, *AFLAC – Garden Court*, 1901 Buena Vista Road, Columbus, GA 31906 and *AFLAC – Cyber* Café, 1907 Buena Vista Road, Columbus, GA 31906 from **February 1, 2006** through **April 30, 2007**. As a part of your response, please include the names and addresses of those employees.

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other person who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT   DATE

*[signature]*   Attorney for Plaintiff   1-23-08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dwayne L. Brown, Esq.
Post Office Box 230205
Montgomery, AL 36123-0205